UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 12-09-ART-(2) |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| LINDA J. ROOS, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

After the defendant, Dr. Linda Roos, pled guilty to the charges against her in count one the superseding indictment, she moved for release pending sentencing. R. 245. Magistrate Judge Hanly A. Ingram recommended that this Court deny the motion. R. 252. Dr. Roos objected to the Magistrate Judge's report and recommendation. R. 283. This Court reviews that objection de novo. 28 U.S.C. § 636(b)(1). Because Dr. Roos has not provided exceptional reasons that justify her release, this Court will adopt the Magistrate Judge's report and recommendation and deny Dr. Roos's motion.

Dr. Roos's offense triggers a presumption of detention pending sentencing. She pled guilty to conspiring to distribute Schedule II controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846. R. 16 at 3; R. 247 at 1; R. 249. Because that offense carries a maximum term of imprisonment of ten years or more, it triggers a presumption of detention pending sentencing. 18 U.S.C. §§ 3142(f)(1)(C), 3143(a)(2); 21 U.S.C. § 841(b)(1)(C). The two exceptions to the presumption do not apply because Dr. Roos pled guilty and the plea agreement specifies a seventy-two month term of imprisonment. 18 U.S.C. § 3143(a)(2)(A)

(requiring the Court, when the presumption applies, to find that a motion for acquittal or new trial is likely to succeed or that the government has agreed not to recommend imprisonment before releasing a defendant pending sentencing).

Dr. Roos can avoid detention only if she "clearly show[s] that there are exceptional reasons why [her] detention would not be appropriate." 18 U.S.C. § 3145(c); *see also United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010) ("[W]e hold that the district court erred in not considering whether [the defendant] established exceptional reasons to support his release pending sentencing."). An exceptional reason is one that is "out of the ordinary." *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (internal quotation marks omitted). In cases where the presumption of detention applies, the defendant will almost certainly serve at least some term of incarceration. Because incarceration is inevitable, the defendant must provide an exceptional reason to begin that term of incarceration later, rather than sooner. So, it is not enough for Dr. Roos to identify some reason why incarceration in general would be hard on her. Instead, she must identify a reason why her detention at this particular time—between the plea hearing and the sentencing hearing—would be inappropriate.

Dr. Roos argues that this Court should release her pending sentencing for two reasons. First, her partner is almost seven months pregnant and needs Dr. Roos's help financially and to get to and from the doctor's office. R. 245 at 2. Second, her mother is recovering from cancer and has a limited ability to walk. Like her partner, her mother also needs Dr. Roos's help financially and for transportation. *Id.*

The Magistrate Judge recommended that this Court deny Dr. Roos's motion. The Magistrate Judge explained that a defendant's detention almost always results in hardship to the defendant's family, regardless of whether the detention begins pre- or post-sentencing. So, familial hardship is generally not an exceptional reason that justifies release. R. 252 at 5 (citing *Miller*, 568 F. Supp. 2d at 777 (collecting cases)). At the hearing on Dr. Roos's motion, the Magistrate Judge agreed that the impact on Dr. Roos's partner and mother was unfortunate. But, he explained, that hardship was not so different from the hardships faced by other defendants' family members as to be extraordinary.

> I'm regularly confronted with, you know, newborns who are deprived of their parents, family who lose income when the earner goes into custody, and other medical issues like a defendant being the caretaker for someone in their family, and I understand it, and I'm sympathetic to it, but it's not exceptional. It's sad. It's unfortunate. It's tragic. I'm sympathetic to you, but it's not exceptional. It's routine in terms of what the Court sees.

R. 312 at 81; *see also* R. 252 at 5. Moreover, the hardship that Dr. Roos's detention will cause her partner and mother will occur regardless of whether her detention begins immediately or after sentencing. Dr. Roos does not explain why her detention will be any easier on her partner and mother in three months. True, her partner will no longer be pregnant. But, a newborn child presents its own set of challenges. In sum, the familial hardship that Dr. Roos's detention will cause is both sadly common among other defendants and not unique to the next few months before Dr. Roos's sentencing.

Dr. Roos objected to the Magistrate Judge's report and recommendation, arguing that the Magistrate Judge's interpretation of exceptional circumstances was too stingy. She insists that because she is the sole caretaker for her partner and mother, her case presents

extraordinary circumstances. R. 283 at 6–7. The problem with Dr. Roos's argument is that she assumes that any sufficiently severe hardship will by definition be extraordinary. For example, Dr. Roos cites to *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 778 (E.D. Wis. 2003), for the proposition that "[t]here is no reason why family circumstances cannot provide a factual basis for release pending sentencing." *See, e.g.*, R. 283 at 4. Unquestionably true. However, as the Magistrate Judge explained, the dispositive question is not whether family hardship exists, or even whether that hardship is severe. Instead, it is whether any such hardship is "out of the ordinary," "uncommon," or "rare." R. 252 at 4 (quoting *Miller*, 568 F. Supp. 2d at 774).

As the Magistrate Judge explained, it is sadly all too common for a defendant's family to face hardship, even extreme hardship, because of the defendant's detention. *Id.* at 5. Yes, it will be difficult for Dr. Roos to arrange for someone else to take on the various tasks that she performs for her partner and mother each day. And yes, Dr. Roos may have to hire someone to do those things, or she may have to rely heavily on the assistance of friends or other family members. But that hardship is no different from the hardship faced by any other defendant with a very sick relative, or a single-parent defendant with a young child, or a defendant who is the sole breadwinner for her family. Because Dr. Roos has not shown that her case presents exceptional circumstances, the Magistrate Judge properly recommended that this Court deny her motion for release. *See Christman*, 596 F.3d at 871 (requiring the district court to consider whether the defendant established exceptional reasons).

Dr. Roos's objection points out that her partner is forty-nine years old and diabetic, that the baby potentially has a heart defect, and that as a result her partner will need her physical and emotional support as the pregnancy progresses. R. 283 at 2. Those facts were not before the Magistrate Judge, and a defendant cannot raise an argument in an objection that she did not raise before the Magistrate Judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[T]he Magistrate Judge Act . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Moreover, Dr. Roos did not attach any medical records that verify these newly-presented facts. Without those records, this Court cannot evaluate whether those new facts present extraordinary circumstances that justify Dr. Roos's presentence release. For example, how likely is it that the baby has or will develop a heart defect? And if such a defect materializes, what exactly would that mean for her partner in terms of increased doctor's visits, bed rest, or other requirements? Should Dr. Roos wish to develop the new facts presented in her objection, she may file a renewed motion for release with supporting documentation. That will allow the Magistrate Judge to develop a record and will allow the United States the opportunity to evaluate the evidence and determine whether it agrees with the motion.

Accordingly, it is **ORDERED** that the defendant's objections, R. 283, are **OVERRULED**, and this Court **ACCEPTS** and **ADOPTS** Magistrate Judge Hanly A. Ingram's Report and Recommendation, R. 252, and **DENIES** the defendant's motion for release pending sentencing, R. 245.

This the 13th day of June, 2013.



Signed By:
*Amul R. Thapar*
United States District Judge